ORIGINAL

FILED
AUG - 1 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **UNICO SERVICES INC. f/k/a Unico Replacement Parts, Inc.** ) | |
| **Plaintiff,** ) | 05-83 |
| ) | **Case No.** |
| **THE UNITED STATES OF AMERICA** ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW, Unico Services Inc., f/k/a Unico Replacement Parts Inc., Plaintiff, pursuant to Court of Federal Claims Rule 3, and alleges to the Honorable Judges of the United States Court of Federal Claims as follows:

1. Plaintiff is a corporation with a business location in Benicia, California and mailing address of P.O. Box 887, 94510-0887. Plaintiff's Employee Identification Number is 95-2885601.

2. Defendant is the United States of America.

3. This is an action *in part* for the recovery of (i) monies illegally exacted from Plaintiff in violation of the Due Process Clause of the United States Constitution; and (ii) monies illegally seized from Plaintiff in violation of the Takings Clause of the United States

Constitution. The Court has jurisdiction for these actions pursuant to the Tucker Act, 28 U.S.C. § 1491(a).

4. In addition, this is an action *in part* for refund of Federal employment taxes, penalties, and interest founded upon the Internal Revenue Code, erroneously assessed and collected by Defendant. This Court has jurisdiction for refund actions pursuant to 28 U.S.C. §§ 6511 and 7422.

5. The recovery of monies and refund of taxes, penalties, and interest relates to the Federal employment tax returns of Plaintiff, Forms 941, for the tax periods ended June 30, 2000, September 31, 2000, December 31, 2000, and September 30, 2001. Such tax returns were timely filed by Plaintiff with the Internal Revenue Service.

6. By coercive collection actions including liens, levies, and other collection actions, Defendant caused Plaintiff to involuntarily pay the full amount of tax erroneously alleged by Defendant for the tax periods ended June 30, 2000, September 31, 2000, December 31, 2000, and September 30, 2001.

7. The doctrines of collateral estoppel and *res judicata* will also cause the decision of the Court in the case at hand to satisfy identical issues arising with respect to the Federal employment tax returns of Plaintiff, Forms 941, for the tax periods ended March 31, 2001, June 30, 2001, and December 31, 2001. Such tax returns were timely filed by Plaintiff with the Internal Revenue Service.

8. On August 10, 2004, Defendant issued an Employment Tax Examination Changes Report determining a deficiency in employment tax and penalty for the tax periods ended June 30, 2000, September 30, 2000, and December 31, 2000 in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) | Penalty § 6656 |
|---|---|---|---|
| June 30, 2000 | $ 71,248.80 | $ 14,249.76 | $ 762.44 |
| September 30, 2000 | $ 61,800.00 | $ 12,360.00 | $ 290.00 |
| December 31, 2000 | $ 40,788.00 | $ 8,157.60 | $ 191.40 |

9. On February 1, 2005, Defendant issued an Employment Tax Examination Changes Report determining a deficiency in employment tax and penalty for the tax periods ended June 30, 2001, September 30, 2001, and December 31, 2001 in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) | Penalty § 6656 |
|---|---|---|---|
| June 30, 2001 | $210,819.60 | $ 42,163.92 | $ 1,440.98 |
| September 30, 2001 | $ 3,690.88 | $ 814.63 | $ 19.11 |
| December 31, 2001 | $68,750.00 | $ 15,200.00 | $ 362.50 |

10. Defendant placed liens on all property of the Plaintiff.

11. On April 12, 2005, Defendant levied upon a portion of a payment due to Plaintiff from a Federal administrative agency and collected $4,689.88, which Defendant applied to the period ending June 30, 2000.

12. On or around June 14, 2005, Defendant levied on the operating bank account of Plaintiff and collected the remaining amount of assessed tax and penalties for the relevant periods as set forth at paragraph #8, plus interest, in the amount of $288,808.17.

13. Plaintiff paid the full amount of tax deficiency assessed by Defendant for the period ending September 30, 2001, plus an additional amount, the total being equal to $4,073.15.

14. This petition is filed within six years of the payments of tax set forth in paragraphs #11 and #12.

15. Claims for employment tax refund, Forms 843, were filed within two years of the payments of tax set forth in paragraphs #11 and #12.

16. D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries.

17. During the tax year ended December 31, 1998, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part.

18. Pixley Services Limited transferred certain rights to the employment services of D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services.

19. D. Gordon Potter became an employee of Release Me, Inc. during the tax year ended December 31, 1998.

20. Release Me, Inc. contracted with Plaintiff to provide skilled labor.

21. On April 15, 2000, Release Me, Inc. assigned (1) its rights to employment services of D. Gordon Potter and (2) its rights under the skilled labor contract with Plaintiff,

discussed at paragraph #20, to Fair Skys Corp, a company engaged in the business of employee leasing and employee temporary services.

22. On April 15, 2000, D. Gordon Potter became an employee of Fair Skys Corp.

23. Pursuant to this contractual relationship with Pixley Services Limited, Fair Skys Corp. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter during the periods at issue.

24. As part of the contract between Plaintiff and Fair Skys Corp., Fair Skys Corp. provided the services of D. Gordon Potter.

25. While providing services to Plaintiff, D. Gordon Potter worked on multiple business projects.

26. Plaintiff made periodic payments to Fair Skys Corp., pursuant to the skilled labor contract discussed above at #20.

27. Fair Skys Corp., in turn, paid substantial wages to D. Gordon Potter pursuant to D. Gordon Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Fair Skys Corp. Fair Skys Corp. paid employment tax on the wages paid to D. Gordon Potter.

28. D. Gordon Potter included these wages in income and paid tax, accordingly.

29. Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley Services Limited established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter.

30. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan.

31. The contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable in income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter pursuant to the plain language of I.R.C. §§ 83, 451.

32. In the Employment Tax Examination Changes Reports discussed above at paragraphs #8 and #9, Defendant erroneously determined that Plaintiff paid additional compensation to D. Gordon Potter by determining that D. Gordon Potter's employment relationship with Fair Skys Corp. violates the "economic substance doctrine," as described by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

33. In the Employment Tax Examination Changes Reports discussed above at paragraphs #8 and #9, Defendant erroneously determined that D. Gordon Potter is an employee of Plaintiff during the periods at issue and assessed Plaintiff for employment tax on the amounts that Plaintiff paid to Fair Skys Corp., less the amounts paid by Fair Skys Corp. to D. Gordon Potter and reported as wages, pursuant to the skilled labor contact discussed at paragraph #20.

34. D. Gordon Potter's employment relationship with Fair Skys Corp. and the contracting of employment rights satisfies all statutory requirements under the Internal Revenue Code, as established by Congress. At no time has Defendant determined that the employment relationships specifically violated any state or Federal statute.

35. In 1978, Congress, in passing I.R.C. § 132, prohibited Defendant from promulgating regulations concerning the employment relationships at issue in this case.

36. In 2004, Congress passed legislation concerning the taxability of nonqualified deferred compensation plans of the type at issue in this case. Although aware of the types of transactions at issue, Congress expressly and specifically made the new legislation prospective only, such that it does not effect the transactions at issue in this case. Because no statutory authority exists for the periods at issue to assess a deficiency and exact monies from Plaintiff, Defendant relies exclusively, in its Employment Tax Examination Changes Reports discussed above at paragraphs #8 and #9, on the "economic substance" theory that was rejected by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

37. Defendant's assessment and concomitant collection of monies from Plaintiff under the guise of the "economic substance doctrine" violates the time-tested separation of powers and the ex-post facto prohibitions of the Constitution. This conclusion is adopted by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

COUNT I

38. Paragraphs 1 through 37 are incorporated herein by this reference.

39. Defendant's forced collection of taxes that were assessed in violation of the separation of powers and the ex-post facto prohibitions of the Constitution constitutes an illegal exaction of monies in violation of the Fifth Amendment of the United States Constitution (the Due Process Clause) which provides that "No person shall. . .be deprived of life, liberty or property, without due process of law. . . ."

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law in the sum of $297,571.20, representing damages for money illegally exacted, plus statutory

interest thereon as provided by law, other applicable interest and such other and further relief, including reimbursement of attorneys fees and other costs, as may be just and proper. In the alternative,

COUNT TWO

40. Paragraphs 1 through 37 are incorporated herein by this reference.

41. Defendant's forced collection of taxes that were assessed in violation of the separation of powers and the ex-post facto prohibitions of the Constitution constitutes an illegal taking of private property for public use in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law in the sum of $297,571.20, representing damages for money illegally taken, plus statutory interest thereon as provided by law, other applicable interest and such other and further relief, including reimbursement of attorneys fees and other costs, as may be just and proper. In the alternative,

COUNT III

42. Paragraphs 1 through 37 are incorporated herein pursuant to this reference.

43. The form of the arrangement between D. Gordon Potter, Pixley Services Limited, and Fair Skys Corp. reflects the substance of that arrangement. D. Gordon Potter is not an employee of Plaintiff during the periods at issue.

44. The arrangement is not a series of predetermined interrelated steps in a single transaction focused on a goal of Plaintiff establishing and funding a non-qualified deferred compensation plan, arrangement, or agreement for the benefit of D. Gordon Potter.

45. The arrangement does not lack economic substance.

46. The amounts paid by Plaintiff to Fair Skys Corp., above the amounts paid by Fair Skys Corp. to D. Gordon Potter and reported as wages, was neither constructively received by D. Gordon Potter nor taxable to D. Gordon Potter under I.R.C. §§ 83(a) and/or 402(b) as property transferred from Plaintiff in connection with the performance of services by D. Gordon Potter.

47. The arrangement satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Pursuant to Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T), the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law in the sum of $297,571.20, representing a refund for Federal employment tax, penalties, and interest erroneously collected, plus statutory interest thereon as provided by law, other applicable interest and such other and further relief, including reimbursement of attorneys fees and other costs, as may be just and proper. In the alternative,

## COUNT IV

48. Paragraphs 1 through 37 are incorporated herein by this reference.

49. If this Court ultimately concludes that Plaintiff is not entitled to a recovery of monies illegally exacted in violation of the Constitution as set forth in Counts I and II and/or if this Court ultimately concludes that Plaintiff is not entitled to a refund of the tax in the case at hand, Plaintiff is still entitled to recover amounts erroneously collected as penalties.

50. As set forth above, the plain language of the statutes and published case law supports the return reporting position of Plaintiff. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations.

51. Plaintiff relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception to the application of penalties.

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law with regard to the amounts collected for penalties and interest thereon representing a refund for Federal penalties and interest erroneously collected, plus statutory interest thereon as provided by law, other applicable interest and such other and further relief, including reimbursement of attorneys fees and other costs, as may be just and proper.

RESPECTFULLY SUBMITTED,

Date: 7-27-05

By /Robert J. Stientjes/
Counsel for Plaintiff

**Gasaway & Stientjes LLP**

Robert J. Stientjes
41 S. Old Orchard Ave., Ste. B
Saint Louis, Missouri 63119
(314) 961-3812 telephone
(314) 918-7120 facsimile

Of counsel:

Anthony S. Gasaway
Gasaway & Stientjes LLP
41 S. Old Orchard Ave., Ste. B
Saint Louis, Missouri 63119
(314) 961-3812 telephone
(314) 918-7120 facsimile